**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.W., J.C., A.C., and M.C.**

**No. 22-0266** (Harrison County 20-JA-102-1, 20-JA-103-1, 20-JA-104-1, and 20-JA-105-1)

## MEMORANDUM DECISION

Petitioner Father C.C., by counsel Eric K. Wildman, appeals the Circuit Court of Harrison County's March 1, 2022, order terminating his parental rights to A.W., J.C., A.C., and M.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katica Ribel, filed a response in support of the circuit court's order. The guardian ad litem, Jenna L. Robey, filed a response on behalf of the children in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May and July of 2020, the DHHR filed petitions alleging that petitioner abused and neglected the children by virtue of physical abuse and domestic violence in the home.[2] According to the record, petitioner was charged criminally with child abuse resulting in bodily injury as a result of his physical abuse of A.C. Petitioner then stipulated to physical abuse and engaging in domestic violence with the mother and was adjudicated. The circuit court then granted petitioner a post-adjudicatory improvement period, although the guardian filed a motion in February of 2021 to revoke petitioner's improvement period because of multiple failed drug screens and petitioner's failure to address anger management. The guardian later withdrew the motion.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner did not include any of the petitions below in the appendix record on appeal.

In June of 2021, the circuit court held a hearing on petitioner's motion for a post-dispositional improvement period following his guilty plea to a count of child abuse resulting in bodily injury in his related criminal proceeding. During the plea hearing, petitioner "for the first time since the filing of the [p]etition[,] . . . fully acknowledged" the abuse he perpetrated. Accordingly, the court granted petitioner a post-dispositional improvement period, which required him to comply with anger management therapy, couples and individual therapy, and therapeutic visits with A.C., among other requirements.

In December of 2021, the guardian filed a motion to cease all visits and revoke petitioner's improvement period.[3] The basis for the motion was disclosures from J.C. and A.W. that petitioner engaged in extensive domestic violence with the mother in their presence during a recent unsupervised overnight visit, among other disclosures. Both children reiterated these disclosures during Child Advocacy Center interviews. The following month, the circuit court held a final dispositional hearing, during which a therapist that provided services to the family testified that petitioner's ongoing anger issues threatened the children. The court heard testimony from other witnesses, including the individual who conducted the children's interviews after the December of 2021 domestic violence incident. The court ultimately found that petitioner failed to make substantial improvements in the nearly two years since the petition was filed and was unable to assume custody of the children because of his anger problem and his perpetration of violence in the home. As such, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the children's welfare. Accordingly, the court terminated petitioner's parental rights.[4] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). At the outset, it is important to address the fact that petitioner's brief does not contain a single citation to the appendix record, in violation of this Court's rules. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he brief . . . must contain appropriate and specific citations to the record on appeal" and permits the Court to "disregard errors that are not adequately supported by specific references to the record on appeal." Here, none of petitioner's assignments of error is adequately supported. As such, this Court rejects petitioner's various interpretations of the evidence below, as he fails to provide any support for them.

Turning to petitioner's specific arguments, we find that he is entitled to no relief. On appeal, petitioner raises three assignments of error, all essentially arguing that the circuit court erred in terminating his parental rights instead of imposing a less restrictive dispositional alternative in the form of yet another improvement period. These arguments, however, are unavailing, considering

---

[3]It was later determined that petitioner's post-dispositional improvement period expired, and the guardian withdrew the motion to terminate the improvement period.

[4]The mother's parental rights were also terminated, as were the parental rights of the father of A.W. The permanency plan for the children is adoption in their current placements.

the fact that petitioner participated in the proceedings for approximately two years yet perpetrated domestic violence in the children's presence as soon as he was permitted unsupervised visits with them.

Petitioner argues that the circuit court was not permitted to terminate his parental rights upon evidence of the domestic violence incident that occurred in December of 2021. According to petitioner, in order for this evidence to have served as a basis for termination, the DHHR was required to file an amended petition. This is simply not the case, as petitioner's perpetration of domestic violence in the home in the children's presence is one of the *exact* issues for which he was properly adjudicated, so, that evidence of his continued perpetration of domestic violence (i.e, the December 2021 incident) speaks directly to whether he remedied that issue. *See* W. Va. Code § 49-4-604(c)(6) (requiring that termination of parental rights must be based upon a finding that a parent is unable to substantially correct the conditions of abuse and neglect in the near future). In short, this evidence could not be a more appropriate basis for termination.

Petitioner also contends that this evidence was insufficient to support termination of his parental rights, while ignoring the fact that at least two of the children made consistent, detailed disclosures of domestic violence to multiple individuals. On appeal, petitioner challenges the court's credibility determinations, arguing that the children's disclosures were "completely uncorroborated and . . . inherently unreliable." Petitioner also maintains that he and the mother disputed the disclosures through their testimony. These arguments are not persuasive, as we decline to disturb the circuit court's credibility determinations on appeal. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Contrary to petitioner's assertions, the evidence overwhelmingly satisfied the clear and convincing burden to support termination. *See State v. C.N.S.*, 173 W. Va. 651, 656, 319 S.E.2d 775, 780 (1984) (establishing that clear and convincing proof is required to terminate parental rights); *see also Cramer v. W. Va. Dep't of Highways*, 180 W. Va. 97, 99 n.1, 375 S.E.2d 568, 570 n.1 (1988) (explaining that the clear and convincing standard is "intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases").

Finally, petitioner argues that he should have been entitled to a less restrictive dispositional alternative, despite the fact that the evidence overwhelmingly supports the court's findings necessary for termination of parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). Accordingly, the court did not err in failing to impose a less restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 1, 2022, order is hereby affirmed.

3

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

4